BUSCH *et al. v.* NEW YORK, L. & W. RY. Co.

*(Superior Court of Buffalo, Equity Term.* November 8, 1890.)

NUISANCE—ACTION FOR DAMAGES—RIGHT TO SUE.

Where defendant digs on its land a ditch in which surface water becomes stagnant and offensive, plaintiff, who owns the abutting land, may maintain an action for the injury caused thereby, though there is no house on the land occupied by himself or another.

Action by Fred Busch and others against the New York, Lackawanna & Western Railway Company. The facts are stated in full in *Deigleman* v. *Railway Co., ante,* 83.

*Frank R. Perkins,* for plaintiffs.   *F. D. Locke,* for defendant.

HATCH, J. This action was tried with the cause of *Deigleman* against *This Defendant, ante,* 83, is for like relief, and dependent upon substantially the same facts, the difference being that plaintiffs are owners and in-

terested in a tract of vacant land fronting upon Military road and adjoining the land of defendant, adjacent to where it has excavated the borrow pits. The overflow is the same and from the same causes. In addition thereto claim is made that the water standing in the pits in hot weather becomes stagnant and offensive, creating a nuisance which impairs the rental value of plaintiffs' lands and prevents sales of lots for building purposes. The proof shows that the tract of land has been laid out into lots, streets opened and graded, sidewalks laid for the contemplated purpose of making the land available and salable for residence purposes. It scarcely needs proof to show that the presence of stagnant water standing at all times in the pits must impair the rental value of the property, and also tend to prevent sales.

In the *Deigleman Case* it is not apparent from the proof that any damage is suffered on account of the stagnant water, and the claim is made by defendant that no damage can accrue to this plaintiff for the reason that there is no occupant of the adjoining property. This is meant, doubtless, in the sense that plaintiffs have no house or building upon the premises which is occupied by themselves or another.

In *Ruckman* v. *Green*, 9 Hun, 225, the supreme court considered this question and condemned the claim of defendant as unsound, holding that the land being vacant made the measurement of damage more difficult, but did not impair the right to recover. It follows that plaintiffs in this action are entitled to relief and judgment directing defendant to cause the removal of the water either by filling the pit or drawing it off, and prohibiting defendant from retaining in its pits stagnant water.